BLANCHET *vs.* HELLEBRANT.

APPEAL FROM THE COURT OF THE FIFTH DISTRICT, THE JUDGE OF THE SEVENTH PRESIDING.

Where the wife has obtained judgement against her husband setting apart certain property as hers exclusively, but gives no power to issue execution to enforce her claim, if the husband afterwards carries off the property, his creditors cannot charge her with fraud and collusion arising from the fact that the property was suffered to remain in the power of the husband, and compel her to follow the property out of the jurisdiction of the United States to enforce her judgement claim.

The petitioner sues for the separation and recovery of certain property in the possession of her husband, which she claims as paraphernal. She had a judgement rendered in her favor in 1827, for the articles of property brought by her into marriage, and her claim for six hundred and seventy-two dollars in money was cumulated with the actions of the creditors of her husband, and she separated in property from him. Since then, several creditors of her husband seized a tract of land, a negro boy, and all the cattle and horses branded with her brand. She alleges that this property was in her pos-

WESTERN DIS.
Sept. 1832.

BLANCHET
vs.
HELLEBRANT.

session, subject to her tacit or legal mortgage, and under exclusive control. She has doubts whether she can execute her former judgement; and after setting up claim to three hundred dollars and some other articles of personal property, inherited by her and received by her husband since the former suit, she prays for a new judgement of separation and for an injunction restraining the creditors of her husband from proceeding any further until her entire claim is satisfied. The husband and seizing creditors were cited in.

Thos. B. Brashear & Co. and Wm. & D. Flower, judgement creditors of the defendant, appeared and filed separate answers, but both in substance and effect alleged fraud and collusion between the plaintiff and her husband, charging the former with interposing obstacles to the creditors' just claims on the husband, suffering him to remain in possession of the property decreed to her in the judgement of separation, and of transporting it out of the United States to the province of Texas. They pray she be prohibited from interposing against the claims of her husband's creditors, and that her claims be postponed to those of the creditors, until the property she assisted her husband to run off to Texas be fully accounted for.

Robert Perry, a witness for the creditors and interpleaders, stated that the defendant informed him that he had marked one hundred calves in Texas in 1830; had taken cattle from this state to Texas, and these calves were the produce or increase of them. It was agreed "to estimate three head of horned cattle for every marked calf." The plaintiff had judgement for six hundred and sixty-five dollars and fifty cents in money, the negro boy Pierre, ninety cows and calves, nine heifers and two bulls, and some other personal property; that she be separated in property from her husband and recover the above property in kind, and the sum of money named. But the court was of opinion that since she obtained her former judgement against her husband, she had improperly and collusively suffered him to remove their cattle to the province of Texas, where he has now three hundred head.

It was ordered that she take the cattle adjudged to her from those in Texas, and also satisfy her claim for the sum of six hundred and sixty-five dollars and fifty cents, out of the balance of the said cattle in Texas, before coming on any property of the defendant in this state. The injunction was made perpetual in relation to the articles adjudged to the plaintiff in kind, except the cattle, and dissolved as to the remainder. The plaintiff appealed.

PORTER, J., delivered the opinion of the court.

In August, 1826, the plaintiff commenced an action against the defendant, for a separation of property, which, in April, 1827, ripened into a final judgement. By this judgement, certain specific objects, brought by her into marriage, were set apart for her use, and a further claim of six hundred and seventy-two dollars, which she advanced for money received by the defendant, was directed to be cumulated with suits which the creditors of the husband had commenced against him. The decree conferred on the plaintiff the administration of her own affairs, and inhibited the defendant from intermeddling with it.

The petitioner in this case states that the judgement rendered in the suit just alluded to, never had been carried into execution, nor could it be enforced, as it was not executed at the time as the law directs; that various creditors have, since its rendition, taken out executions against her husband, whose affairs are in the utmost disorder; and that she fears property will not be left to satisfy her demand.

She prays a judgement which may definitively settle the amount due to her; that it be rendered contradictorily with the seizing creditors, and that she be declared a mortgaged and privileged creditor, for the amount due to her.

The creditors appeared and answered this petition, and charged the plaintiff with fraud and collusion, in not carrying into effect the former decree of separation, obtained by her, and in permitting the husband to administer her estate and

BLANCHET
*vs.*
HELLEBRANT.

They joined to this averment of fraud, a general denial of all the matters and things set out in the petition.

The cause came on for trial on these issues. The court considered, that in addition to the specific objects brought by the plaintiff into marriage, there had been received by the husband, six hundred and sixty-five dollars and fifty cents, and gave judgement accordingly. But considering the fraud and collusion to be established, it decreed she should enforce her judgement on the cattle in the province of Texas, before she levied on any within this state.

There is not any, the slightest evidence of fraud, appearing on the evidence sent up in the record, save that which may be presumed from the plaintiff's not prosecuting her claim more promptly against her husband. But the first judgement did not enable her to issue execution against him; it did nothing more than set aside specific objects as her property, and directed her claim for money to be cumulated with the suits of the creditors. Before this action was tried, or could be tried in the course of legal proceedings, the husband removed the cattle to Texas.

Unwilling as we are to place our conclusions in a case of this kind in opposition to the judge who tried the cause below, we do not see how the conclusion of fraud can be drawn from the circumstance, that she did not take out an injunction to prevent the property being removed. It is not even shown she knew of his intention to take it away. The creditors in this case are as open as she is to the imputation; for it was as fraudulent in them not to arrest the property, as it was in her to fail to do it.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the District Court be annulled and reversed, in so much as it prohibits the plaintiff from taking out execution in this state, until she discusses the property in the province of Texas, and that it be affirmed for the remainder;

*Where the wife has obtained judgement against her husband, setting apart certain property as hers exclusively, but gives no power to issue execution to enforce her claim; if the husband afterwards carries off the property, his creditors cannot charge her with fraud and collusion arising from the fact that the property was suffered to remain in the power of the husband, and compel her to follow the property out of the jurisdiction of the U. States, to enforce her judgement claim.*

and it is further ordered, that the appellees pay costs in both courts.

WESTERN DIS.
Sept. 1832.

*Simon*, for plaintiff.   *Brownson*, for defendant.